UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

FEDERICA VICUNA and MARTIN VARELAS,   Docket No.: CV 13-2834
                                      (ERK)(VVP)
        Plaintiffs,

        -against-

O.P. SCHUMAN & SONS, INC. and S.K.S.
EQUIPMENT CO.,

        Defendants.
_____

O.P. SCHUMAN & SONS, INC.,

        Third Party Plaintiff,

        -against-

MUFFINS 'N' MORE, INC.,

        Third Party Defendant.
_____

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO O.P. SCHUMAN & SONS, INC.'S MOTION FOR RECONSIDERATION**

        Gregory J. Cannata & Associates, LLP

        Gregory J. Cannata (GC-1835)
        Alison Cannata Hendele (AH-4686)
        Attorneys for Plaintiffs
        60 East 42nd Street, Suite 932
        New York, New York 10165
        Tel: 212-553-9205
        cannata@cannatalaw.com
        hendele@cannatalaw.com

## TABLE OF CONTENTS

**Table of Authorities** ..................................................................................................................... ii

**Preliminary Statement** ..................................................................................................................1

**Statement of Facts** ........................................................................................................................2

**Argument** .......................................................................................................................................3

    I.    Schuman Has Failed To Set Forth A Basis For Its' Motion To Be Granted Under Fed. R. Civ. P. 60(B) And Local Rule 6.3 ....................................................3

        A.    Only Final Judgments, Orders, And Procedures May Be Reconsidered Under Rule 60(b) ..................................................................3

        B.    The Defendant Has Failed To Set Forth Any Facts Or Controlling Decisions Which Would Warrant Reconsideration Of The Order .............3

    II.    Reverse Bifurcation Is Appropriate In This Litigation ...........................................5

        A.    Reverse Bifurcation Can Be Utilized In Actions Such The Instant Litigation ..................................................................................................6

        B.    Reverse Bifurcation Will Further Convenience, Avoid Prejudice, And Expedite And Economize The Litigation ...........................................7

            1.    <u>The damages and liability issues are distinct</u> .................................7

            2.    <u>A damages verdict is likely to lead to settlement</u> ...........................8

            3.    <u>A reverse bifurcated trial will result in significant judicial economy.</u> ..................................................................................9

            4.    <u>Schuman will not be prejudiced</u> ......................................................9

**Conclusion** ..................................................................................................................................10

## TABLE OF AUTHORITIES

Cases

*Analytical Surveys, Inc. v. Tonga Partners, L.P.*,
    684 F.3d 36 (2d Cir. 2012) ................................................................................................. 1, 4
*Anderson v. SAM Airlines*,
    1997 U.S. Dist. LEXIS 23634 (E.D.N.Y. Apr. 25, 1997) ........................................................ 6
*Angelo v. Armstrong World Indus.*,
    11 F.3d 957 (10th Cir. 1993) ................................................................................................ 6, 7
*Byrne v. Liquid Asphalt Sys.*,
    250 F. Supp. 2d 84 (E.D.N.Y. 2003) ....................................................................................... 3
*Harris v. Millington*,
    613 F. App'x 56 (2d Cir. 2015) ............................................................................................... 3
*Hom v. Brennan,*
    840 F. Supp. 2d 576 (E.D.N.Y. 2011) ..................................................................................... 4
*Manney v. Reichert*,
    2014 U.S. Dist. LEXIS 137715 (E.D.N.Y. Sep. 26, 2014) ..................................................... 4
*Pioli v. Morgan Guar. Tr. Co.*,
    199 A.D.2d 144, 605 N.Y.S.2d 254 (1st Dept. 1993) ............................................................. 6
*Shrader v. CSX Transp., Inc.*,
    70 F.3d 255 (2d Cir. 1995) ...................................................................................................... 4
*Simon v. Philip Morris*,
    200 F.R.D. 21 (E.D.N.Y. 2001) ...................................................................................... 5, 6, 7

Statues

Fed. R. Civ. P. 42(b) ...................................................................................................................... 7
Fed. R. Civ. P. 60(b) ................................................................................................................. 1, 3

Local Rules

Local Rule 6.3 ........................................................................................................................... 1, 3

**PRELIMINARY STATEMENT**

Plaintiffs FEDERICA VICUNA and MARTIN VARELAS (hereinafter "plaintiffs") submit this Memorandum of Law in opposition to defendant/third-party plaintiff O. P. SCHUMAN & SONS, INC.'s (hereinafter "Schuman" or "defendant") motion for reconsideration of the Court's April 18, 2018 Order pursuant to Federal Rule of Civil Procedure 60(b) and Local Rule 6.3.

In the April 18, 2018 Order, the Court granted the plaintiffs and third-party defendant Muffins 'n' More, Inc.'s request for a reverse bifurcated trial. Schuman now moves for reconsideration of that Order. The plaintiffs respectfully submit that Schuman's motion should be denied. The April 18, 2018 Order cannot be reconsidered under Rule 60(b) because it is not a "final judgment, order, or procedure" (Fed. R. Civ. P. 60[b]) and Schuman has failed to set forth "the matters or controlling decisions which counsel believes the Court has overlooked" (Local Rule 6.3). Instead, Schuman improperly raises arguments that it failed to address in the underlying application in an attempt to take a second "bite at the apple". *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).

Even if this court were to grant the motion to reconsider and address Schuman's arguments, the motion should still be denied. As is fully detailed in Point II, it is within the Court's discretion to try the issues in a way that it feels will achieve a fair and efficient remedy. Schuman has failed to set forth any specific argument how reverse bifurcation would be inappropriate in this lawsuit or how it would prejudice the parties. Schuman's motion should be denied.

1

## **STATEMENT OF FACTS**[1]

On March 15, 2018, the parties appeared at a pre-trial conference. The Court raised the issue of whether the parties were interested in conducting a unified trial, bifurcated trial, or reverse bifurcated trial. The Court requested that the parties confer and submit their positions by April 11, 2018.

On April 9, 2018, Schuman advised the parties that it would not consent to a reverse bifurcated trial. The plaintiffs, however, believed that a reverse bifurcated trial would have numerous advantages. Accordingly, on April 11, 2018, the plaintiffs circulated their portion of a joint letter to submit to the Court detailing their position in favor of the reverse bifurcation. The plaintiffs received the defendant and third-party defendant's positions and filed the joint letter on April 11, 2018 as a letter motion, pursuant to the ECF rules (ECF Doc. 108).

On April 18, 2018, the Court issued an order granting the application for reverse bifurcation. Unhappy with the Court's decision, Schuman now seeks reconsideration of that motion.

---

[1] The plaintiffs object to the defendant's recitation of the "facts" of this litigation in its Preliminary Statement. The plaintiffs believe that the Court is well versed in the facts of the case and are cautious about the length that a full Counterstatement of Facts would add to this Memorandum of Law. Accordingly, the Court is respectfully directed to the Statement of Facts contained in the plaintiffs' Memorandum of Law in support of their motion to reconsider (ECF Doc 88) and Statement of Facts contained in plaintiffs' Memorandum of Law in opposition to defendant Schuman's motion for summary judgment and motion to preclude the plaintiff's liability expert (ECF Doc 98). The following Statement of Facts relates solely to those facts that are relevant to the instant motion.

# ARGUMENT

### I. SCHUMAN HAS FAILED TO SET FORTH A BASIS FOR ITS' MOTION TO BE GRANTED UNDER FED. R. CIV. P. 60(b) AND LOCAL RULE 6.3

#### A. Only Final Judgments, Orders, And Procedures May Be Reconsidered Under Rule 60(b)

Federal Rule of Civil Procedure 60(b) is an improper vehicle to bring this motion. Rule 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Rule 60(b) permits the reconsideration of only <u>final</u> judgments, orders and procedures. *Harris v. Millington*, 613 F. App'x 56, 58 (2d Cir. 2015); *Byrne v. Liquid Asphalt Sys.*, 250 F. Supp. 2d 84, 87-88 (E.D.N.Y. 2003). The Court's April 18, 2018 Order was not a final judgment, order or procedure, and accordingly the motion should not be decided under Rule 60(b).

#### B. The Defendant Has Failed To Set Forth Any Facts Or Controlling Decisions Which Would Warrant Reconsideration Of The Order

Local Rule 6.3 provides:

> Unless otherwise provided by the Court or by statute or rule,…, a notice of motion for reconsideration or reargument of a court order determining a motion shall be

3

> served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked.

It is undisputed that the standard for granting a motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked...." *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995).

Motions for reconsideration will not be granted if the moving party is merely seeking to relitigate issues already decided by the court or wishes to set forth arguments which could have been made in the underlying motion but were not. *Id; Hom v. Brennan,* 840 F. Supp. 2d 576, 581 (E.D.N.Y. 2011). Rather, the moving party must point to new and specific controlling decisions that were overlooked. *Analytical Surveys, Inc. v. Tonga Partners, L.P*., 684 F.3d 36, 52 (2d Cir. 2012). A motion for reconsideration is not an opportunity to get another "bite at the apple". *Id* (*quoting Sequa Corp. v. GBJ Corp*., 156 F.3d 136, 144 [2d Cir. 1998]); *Manney v. Reichert*, 2014 U.S. Dist. LEXIS 137715, at *28 (E.D.N.Y. Sep. 26, 2014)("The requirements of Local Rule 6.3 are 'narrowly construed and strictly applied,' … 'so as to avoid duplicative rulings on previously considered issues, and to prevent Rule 6.3 from being used to advance different theories not previously argued or as a substitute for appealing a final judgment.'")(citations omitted). Taking another bite at the apple is exactly what Schuman attempts to do here; reargue its position without setting forth "concisely the matters or controlling decisions which counsel believes the Court has overlooked" (Local Rule 6.3).

In the April 11, 2018 letter, Schuman argued against reverse bifurcation because it believed that (1) liability and apportionment of fault are contested and therefore a damages verdict will not

4

result in settlement; and (2) the plaintiffs' costs in trying the liability case should not be a factor in the determination to bifurcate the trial.

Comparatively, in support of its motion to reconsider, Schuman sets forth the following arguments: (1) liability, damages and causation are inextricably intertwined; (2) judicial economy will not be served because this litigation is not "highly complex"; (3) given that liability is contested, a damages verdict will not result in a resolution of the matter; and (4) the plaintiffs may unfairly benefit from the reverse bifurcation.

There are few commonalities between the April 11, 2018 submission and the defendant's memorandum of law in support of the instant motion, except perhaps for the argument that a reverse bifurcated trial will not result in a speedy resolution because liability is contested. The defendant fails to raise any specific facts that the Court overlooked in support of this point. Although the defendant cites to cases which were omitted from the initial submission, these cases are not controlling decisions which would require the Court to vacate the April 18, 2018 Order. The other points raised by the defendant in this motion to reconsider are improper novel arguments and should not be considered by the court. Nevertheless, they too fail. As will be addressed in Point II, these arguments do not warrant a finding against reverse bifurcation.

## II.  REVERSE BIFURCATION IS APPROPRIATE IN THIS LITIGATION

"[I]n of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy", Rule 42(b) permits a court to "order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States." *Simon v. Philip Morris*, 200 F.R.D. 21, 27 (E.D.N.Y. 2001)(*quoting* Rule 42(b),

prior to the 2007 Amendment). Trial judges are granted "optimum flexibility in structuring litigation with an eye toward providing a fair and efficient remedy". *Id.* Should the Court choose to reconsider the April 18, 2018 Order, the Court should find that it properly ordered a reverse bifurcated trial.

### A. Reverse Bifurcation Can Be Utilized In Actions Such The Instant Litigation

Schuman argues that reverse bifurcation is not warranted in this litigation because it is not a multi-party "highly complex" mass tort case. Although reverse bifurcation is more commonly used in multi-party complex litigation, it can be used in complex actions involving fewer parties, such as the instant litigation. *See Angelo v. Armstrong World Indus.*, 11 F.3d 957 (10th Cir. 1993)(asbestos litigation with only one plaintiff); *Anderson v. SAM Airlines*, 1997 U.S. Dist. LEXIS 23634 (E.D.N.Y. Apr. 25, 1997)(airplane crash involving one decedent); *Pioli v. Morgan Guar. Tr. Co.*, 199 A.D.2d 144, 605 N.Y.S.2d 254 (1st Dept. 1993)(one plaintiff construction accident).

Schuman fails to recognize that even though the instant litigation involves only three parties, that does not mean that it is not complex or that reverse bifurcation would not be beneficial to the litigation. The case involves several intricate issues such as successor liability; five separate liability theories including design defect, S.K.S.'s failure to warn, Schuman's failure to warn, breach of warranty, and negligence; Schuman's defense of improper training; damages, including the plaintiff's pain and suffering, her husband's loss of consortium claim, and amount of lost earnings; and depending on how the Court decides the plaintiff's motion *in limine*, whether the plaintiff is entitled to a lost earnings award due to her immigration status. By trying damages first, the jury will only be required to focus on the plaintiffs' damages, significantly narrowing the jury's focus and eliminating potential juror confusion.

### B.    Reverse Bifurcation Will Further Convenience, Avoid Prejudice, And Expedite And Economize The Litigation

The test of whether a trial should proceed on reverse bifurcation is not whether the litigation is a complex action involving dozens of parties, but whether the bifurcation will further convenience, avoid prejudice, or expedite and economize the litigation. Fed. R. Civ. P. 42(b)("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial."). These grounds are "set out in the alternative, so that the presence of any one is sufficient to sustain such an order". *Simon v. Philip Morris*, 200 F.R.D. 21, 27 (E.D.N.Y. 2001). (*citing In re Paris Air Crash of March 3, 1974*, 69 F.R.D. 310, 318-19 [C.D. Cal. 1975]; 9 Wright & Miller, Federal Practice and Procedure § 2388, at 277 [1971 & Supp. 1982]). Here, the three grounds are met.

#### 1.    The damages and liability issues are distinct

Trying damages first would result in significant convenience, expedition, and economy. Despite Schuman's claim to the contrary, the damages and liability issues in this complex litigation are not intertwined. The evidence that will be presented about the plaintiff's injuries, pain and suffering, lost earnings, and her husband's loss of consortium claims will be distinct from the evidence about the defendants' liability, the plaintiff's training, and the successor liability issue. *See Angelo v. Armstrong World Indus.*, 11 F.3d 957 (10th Cir. 1993)(rejecting plaintiff's claims that the issues were interwoven when the damages evidence would focus on "the plaintiff's health history, the extent of his exposure to asbestos, the possible causes of his illness, and the losses he has suffered from his illness" whereas the liability evidence would address warnings the defendants should have given the plaintiff and whether the products which the plaintiff was exposed were the defendants). Schuman fails to explain how the seemingly disparate claims are

7

inextricably intertwined. As was previously mentioned, by permitting the jury to focus on only the damages aspect of the complicated case, the parties will eliminate potential juror confusion.

### 2. A damages verdict is likely to lead to settlement

Schuman rejects the notion that a damages verdict will result in a settlement because it is contesting liability. There is significant evidence which supports the Court's position that "[t]he evidence of liability on the part of the manufacturer is compelling" (ECF Doc. 108). For example, S.K.S. employees were aware of the danger that the unguarded Horizontal Wrappers posed to operators. Nevertheless, they intentionally designed the Model 60 Horizontal Wrapper with a safety guard interlock bypass so the wrapper could be operated in manual mode with the guard raised. In 1996 S.K.S. developed a safer alternate design by removing the manual mode safety guard interlock bypass. This safer alternate design would have prevented the plaintiff's accident. Although the electrical system in existing Model 60 Horizontal Wrappers could easily be modified to remove the manual mode interlock bypass, S.K.S. failed to notify owners of existing Model 60 Horizontal Wrappers of this modification. Accordingly, the accident machine was never modified.

In addition to this safer alternative design, there is evidence of several other basis of liability including but not limited to: Schuman's independent failure to warn Muffins 'n' More about modifying the accident machine to remove the manual mode safety guard bypass, S.K.S.'s untested refurbishment of the accident machine to move the start button from the point of operation, and the parties' failure to include proper warnings on the accident machine. Further evidence supports Schuman's liability as the successor corporation to S.K.S.

Given the strength of the evidence against Schuman, the plaintiffs anticipate a liability verdict in their favor. Should the jury render a sizeable damages verdict, Schuman would likely wish to settle the lawsuit with the plaintiff and third-party defendant to limit its exposure.

Comparatively, if the jury returns a low damages verdict, the plaintiff will likely be induced to settle rather than proceed to the expensive liability phase of trial with the potential for a defense verdict or a finding of comparative fault.

### 3. A reverse bifurcated trial will result in significant judicial economy.

Should the parties settle the litigation at the conclusion of the damages case, there will be significant convenience, expedition, and economy to the parties and the Court. The plaintiffs anticipate calling approximately four witnesses during the damages portion of the trial. Schuman and Muffins 'n' More will likely call two additional witnesses, for a total of six witnesses.[2] Comparatively, during the liability phase of the trial, the plaintiffs anticipate calling approximately nine witnesses. The defendants will likely call one witness for a total of 10 witnesses. Trying damages first has the potential to eliminate 10 witnesses and several days of testimony, as well as render a jury site visit unnecessary. A reverse bifurcated trial will undoubtedly further convenience, expedition, and economy.

### 4. Schuman will not be prejudiced

Schuman claims that if damages are tried first, it will be prejudiced because the jury will not hear evidence on the successor liability, comparative fault, and improper training issues prior to determining damages. The defendant offers no specifics as to what prejudice it would face.

The plaintiffs, on the other hand, believe that trying damages first will actually benefit the defendant. As detailed above, the plaintiffs intend to present convincing evidence which will prove the defendant's liability. For example, the evidence will establish that S.K.S. intentionally designed a dangerous machine which offered the operator no protections from the dangerous point

---

[2] Should the Court deny the plaintiffs' motion in *limine* and hold that it is a question for jury determination as to whether the plaintiff is entitled to lost earnings, the plaintiffs will likely call two additional witnesses. Should the Court hold that the plaintiff is not entitled to lost earnings, then the plaintiffs will eliminate at least one witness.

9

of operation in manual mode, S.K.S. modified the Model 60 Horizontal Wrapper to remove the design defect, but failed to provide this modification schematic to the owners of existing Model 60 Horizontal Wrapper machines for more than 16 years.  The evidence will also establish that Schuman's employees were aware of this modification because they were involved in its design at S.K.S., but they failed to share this crucial safety alert with Muffins 'n' More.  The evidence of the defendant's overwhelming liability may actually inflame the jury and create animus towards the defendants. Accordingly trying damages first may inure to Schuman's benefit.

## CONCLUSION

For the aforementioned reasons, Schuman's motion for reconsideration of the April 18, 2018 should be denied in its entirety.

Dated: New York, New York
May 16, 2018

>Respectfully submitted,
>
>/s/ Gregory J. Cannata
>Gregory J. Cannata (GC -1835)
>Alison Cannata Hendele (AH-4686)
>Gregory J. Cannata & Associates, LLP
>Attorneys for Plaintiffs
>60 East 42nd Street, Suite 932
>New York, NY 10165

TO:   Lisa Fitzgerald, Esq.
Ropers Majeski Kohn & Bentley, P.C.
Attorneys for Defendant/Third Party Plaintiff O.P. Schuman & Sons, Inc.
750 Third Avenue, 25th Floor
New York, NY 10017

Warren T. Harris, Esq.
Law Office of James J. Toomey
Attorneys for Third Party Defendant Muffins 'N' More, Inc.
PO Box 2903
Hartford, CT 06104

10